[Cite as *Kemp v. Kemp*, 2019-Ohio-1581.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ANGELA R. KEMP

    Plaintiff-Appellant

-vs-

ALLEN D. KEMP

    Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P.J
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 18 CAF 08 0063


O P I N IO N


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 16 DRA 08 0387 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 22, 2019 |


APPEARANCES:


For Plaintiff-Appellant

GREGG R. LEWIS
ERIC E. WILLISON
Harry Lewis Co., L.P.A.
625 City Park Avenue
Columbus, Ohio 43206-1003

For Defendant-Appellee

ROBERT C. HETTERSCHEIDT
580 South High Street, Suite 200
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}   Plaintiff-appellant Angela R. Kemp ("Wife") appeals the August 7, 2018 Final Judgment for Divorce with Children entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which granted a divorce to Wife and defendant-appellee Allen D. Kemp ("Husband"), divided the parties' marital property and debt, awarded spousal support to Wife, and allocated the parties' parental rights and responsibilities.

### STATEMENT OF THE FACTS AND CASE

{¶2}   Husband and Wife were married in Las Vegas, Nevada on May 31, 1998. The parties have one adopted child.  On August 17, 2016, Wife filed a pro se Complaint for Divorce, a motion and affidavit for a temporary restraining order, and a motion and entry for temporary orders.  Husband filed a timely answer and cross-claim for divorce.

{¶3}   The trial court conducted a pre-trial on October 11, 2016.  Counsel for Husband advised the trial court Husband had been in a serious motorcycle accident in South Carolina on September 28, 2016, and a date for his release from the hospital and return to Ohio was not yet known.  Wife was in South Carolina assisting and attending to Husband's affairs. Wife filed an answer to Husband's cross-claim for divorce on October 12, 2016.  Husband was released from the hospital and the parties returned to Ohio in November, 2016.

{¶4}   On March 14, 2017, the magistrate conducted a hearing on the parties' respective motions for temporary orders.  Via Magistrate's Order filed March 14, 2017, the magistrate granted Husband exclusive use of the parties' marital residence; granted Wife exclusive use of a second property owned by the parties; designated Wife as the

temporary residential parent of the parties' minor child; and ordered Husband to pay temporary child and spousal support as well as $5,000.00 for interim attorney fees.

**{¶5}** Wife filed a request for oral hearing on the temporary orders in accordance with Civ. R. 75(N) on May 2, 2017. The magistrate conducted a Rule 75 hearing on May 26, 2017. On the day of the hearing, Wife filed a motion to restrain Husband from encumbering insurance proceeds from his motorcycle accident. Via Magistrate's Order filed June 7, 2017, the magistrate found the March 14, 2017 temporary orders to be appropriate and ruled such would remain in effect. The magistrate also ordered Husband not to encumber, dispose, or lessen the value of the proceeds from his accident.

**{¶6}** Via Case Management Order filed July 13, 2017, the trial court scheduled the matter for trial on December 13, 2017, and set discovery and exchange of information deadlines. The trial court conducted a final pre-trial on October 9, 2017. Counsel for Wife attended the hearing, however, Wife did not attend. Wife did not file a final pretrial statement as required by the trial court's Local Rules and as ordered by the court in its July 13, 2017 order. On October 30, 2017, Wife filed a Notice to the Court and All Parties of Discharge of Counseling, advising she had discharged her attorney and was seeking new counsel. Counsel for Wife filed a motion to withdraw on November 3, 2017, which the trial court granted on November 9, 2017.

**{¶7}** On December 4, 2017, the guardian ad litem requested an extension of time to file her final report. The trial court granted the request and rescheduled the trial for January 23, 2018.[1] On January 16, 2018, Wife filed a motion to vacate the January 23,

---

[1] We find the fact the trial court continued the trial at the request of the guardian ad litem does not inure to Wife's position as she seems to assert. The continuance was not at Husband's request and the guardian ad litem's report could potentially have benefitted either party at that time. If anything, it extended the time for Wife to seek new counsel.

2018 trial date. The trial court denied the motion via Judgment Entry filed January 19, 2018, noting the motion was untimely, unfair to Husband, and not justified based upon the recent procedural history.

{¶8} Prior to the commencement of trial on January 23, 2018, Wife made an oral motion for a continuance noting she had not received her case file from her former attorney. The trial court called the attorney's office and requested the file be delivered. The trial court then denied the request and proceeded with the hearing, which lasted three days. Via Final Judgment for Divorce with Children filed August 7, 2018, the trial court granted the parties a divorce, divided the parties' marital property and debt, awarded spousal support to Wife, and allocated the parties' parental rights and responsibilities.

{¶9} It is from this judgment entry Wife appeals, raising as her sole assignment of error:


I. THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S MOTIONS FOR CONTINUANCE TO OBTAIN NEW COUNSEL. [R. 84] AND TRIAL TRANSCRIPT, VOLUME 1, PAGE 9, LINES 15-20.


I.

{¶10} In her sole assignment of error, Wife contends the trial court erred in failing to grant her requests for a continuance in order to secure new counsel. We disagree.

{¶11} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *State v. Unger* (1981), 67 Ohio St.2d 65. In order to find

an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶12} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to witnesses, opposing counsel, and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance, and other relevant factors, depending on the unique facts of each case. *Unger,* supra, at 67–68, 423 N.E.2d 1078. The reviewing court must also weigh the potential prejudice to the movant against the trial court's right to control its own docket. *In re Barnick,* Cuyahoga App. No. 88334, 2007–Ohio–1720, ¶ 10, quoting *Unger.*

{¶13} Upon review of the record, we find the trial court did not abuse its discretion in denying Wife's request for a continuance. Wife contributed to the circumstances giving rise to the need for the continuance. Wife fired her attorney in late October, 2017. Wife did not seek new counsel at that time or attempt to retrieve her case file from her former attorney. Rather, she waited several months before requesting additional time to retain new counsel and obtain her file. Wife had been aware of the original December trial date since July, 2017, yet waited until a week before the rescheduled January 23, 2018 trial date to request the continuance. Wife's inaction in securing new counsel contributed to the delay.

{¶14} Wife's sole assignment of error is overruled.

{¶15} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur